54 F.3d 777
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Bruce M. NAKFOOR, Plaintiff-Appellant,
v.
CONTINENTAL ASSURANCE CO., Defendant-Appellee.
 No. 94-1464.
 United States Court of Appeals, Sixth Circuit.
 May 9, 1995.
 
 Before: MERRITT, Chief Circuit Judge; and GUY and SILER, Circuit Judges.
 MERRITT, Chief Circuit Judge.
 
 
 1
 This case, brought under diversity jurisdiction, concerns a dispute over the meaning of a "total and irrecoverable loss" provision in an insurance contract that provides coverage for disability. Dr. Nakfoor, the plaintiff, was a practicing orthodontist in Michigan. In 1990, Dr. Nakfoor was diagnosed as diabetic. By 1991, his diabetes had caused a neuropathy in both his hands which caused him extreme pain and made him unable to continue his practice as an orthodontist.
 
 
 2
 Dr. Nakfoor sought to collect disability benefits under an insurance policy he had taken out with Continental Assurance Co. Continental agreed that Dr. Nakfoor qualified for benefits under the "Total Disability" provision of the contract and has paid him benefits of $5,500 per month as specified in the contract. That portion of policy provides for benefits if the insured can no longer perform his occupation because of injury or sickness.[1] But, Dr. Nakfoor also sought to collect an additional $1,100 per month of benefits under the "Presumptive Total Disability Benefit" provision of the policy. Continental refused to pay benefits under that section of the policy, and Dr. Nakfoor brought suit in federal district court. The district court granted summary judgment for Continental and Dr. Nakfoor now appeals.
 
 
 3
 Summary judgment is not appropriate "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). In resolving a summary judgment motion, the district court must view the evidence in the light most favorable to the nonmoving party. See Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986). Specifically the court must accept the evidence presented by the nonmoving party as true, and all justifiable inferences must be drawn in favor of the nonmoving party. Anderson, 477 U.S. at 255. We review the district court's grant of summary judgment de novo.
 
 
 4
 In this case, the parties have agreed on all the facts, so there is no dispute of fact in this case. There is only a question as to whether those facts qualify Dr. Nakfoor for benefits under the "Presumptive Total Disability" provisions of the insurance contract. That provision of the policy provides:
 
 
 5
 We will pay the Presumptive Total Disability Benefit if Injury or Sickness causes You to totally and irrecoverably lose:
 
 
 6
 * * *
 
 
 7
 * * *
 
 
 8
 4. use of both hands ...
 
 
 9
 As this is a diversity action, we must interpret this provision under Michigan law. The Supreme Court of Michigan considered an insurance policy that provided coverage for "total and irrecoverable" loss of an eye. In that case the Court held that "the policy should be interpreted to require loss of all practical use of the eye." Lewis v. Metropolitan Life Insurance Co., 245 N.W.2d 9, 11 (Mich. 1976). Thus, we must determine as a matter of law whether Dr. Nakfoor has lost all practical benefit of his hands.
 
 
 10
 We believe that although Dr. Nakfoor does not have full use of his hands, as a matter of law he does have some practical use of them. During his deposition, Dr. Nakfoor testified that he can perform the following tasks: he can drive a car for brief periods by holding the wheel between two fingers; he can use a razor; he can pour milk from a carton; he can use a fork; and he can use a Water Pik to clean his teeth. Although Dr. Nakfoor testified as to many things he cannot do, the focus in this case must be on whether the tasks he can perform constitute some practical use of his hands. We agree with the district court that the limited tasks which Dr. Nakfoor can perform do not allow the conclusion that he has lost all practical use of his hands.
 
 
 11
 Dr. Nakfoor rightly observes that the Lewis court found that the issue of whether the plaintiff in that case had lost all practical use of his eye was a matter for the jury. But the facts in that case were not as fully developed as they are here. In Lewis, the court did know that the plaintiff had lost 80% of his vision in his right eye and in that eye had only peripheral vision. But, the court noted that "Plaintiff has not been allowed to testify to the extent of his incapacity. Presumably, if allowed to hear his and other testimony, the trier of fact would be better able than this court to determine whether plaintiff's right eye is or can be of any practical use or benefit to him." Lewis, 245 N.W.2d at 10. In other words, the court did not have sufficient facts to determine what the "practical" consequences of the plaintiff's loss of sight were. But in this case, Dr. Nakfoor has explained in detail what the practical effects of his disability are. Since there is no dispute between the parties as to the facts, this case is appropriate for summary judgment.
 
 
 12
 Furthermore, we note that the insurance contract in this case differs from the one in Lewis. The contract in that case provided coverage only for total and irrecoverable loss. Here the contract has two provisions -- one which provides benefits for inability to perform one's occupation and one which provides coverage for total and irrecoverable loss. In this light, Continental's contention that the total and irrecoverable loss provision is intended to provide an additional heightened level of benefits is a plausible reading of the contract.
 
 
 13
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 14
 SILER, Circuit Judge, dissenting.
 
 
 15
 I respectfully dissent, as I feel that Lewis v. Metropolitan Life Ins. Co., 245 N.W.2d 9 (Mich. 1976), mandates that this factual question be resolved at a trial. It is true as the majority opinion states, that the insurance policy in this case provided for two levels of benefits, that is, for "Total Disability" and then for "Presumptive Total Disability." The appeal only involves this second provision. However, I do not see a distinction between the language in the policy in Lewis and the language in the second provision of this policy, because both provide coverage for total and irrecoverable loss. Truly, the second provision is intended to provide an additional level of benefits, but the plaintiff, Dr. Nakfoor, might have become disabled in several other ways besides through the loss of the use of his hands by neuropathy. For instance, his diabetes could have caused him a loss of sight to the extent that he could not have performed his work as a dentist, but the second provision in the policy is for the total and irrecoverable loss of the use of both hands.
 
 
 16
 In Lewis, the court held that under the terms of the policy, it did not require that the plaintiff be blind, but that he lose "all practical use of the eye." Id. at 10. To me, the limited use of the hands which Dr. Nakfoor had is analogous to the very limited eyesight that the plaintiff had in Lewis. Therefore, I would reverse the summary judgment by the district court and remand this matter for a trial before a jury.
 
 
 
 [1]
 The language of the policy provides:
 Before Age 65, "Total Disability" means that because of Injury or Sickness, You:
 
 
 [1]
 are disabled from performing the substantial and material duties of Your regular occupation,
 
 
 [2]
 are under the regular care of a licensed physician, and
 
 
 [3]
 are not gainfully employed in any occupation reasonably consistent with Your education, training, and experience